# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James Bigham, John Quarnstrom, Robert Vranicar, Jim Bowman, Mike McCauley, Matt Fairbanks, *as Trustees of the Sheet Metal Local #10 Control Board Trust Fund*, and The Sheet Metal Local #10 Control Board Trust Fund,<br><br>           Plaintiffs,<br>v.<br><br>R&S Heating and Air Conditioning, Inc.,<br><br>           Defendant,<br>v.<br><br>Agape Mechanical, LLC, and Philos Mechanical, LLC<br><br>           Respondents. | Civ. No. 14-1357 (DWF/BRT)<br><br><br><br>**ORDER ON PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE OR ALTERNATIVELY TO COMPEL** |

Amy L. Court, Esq., Carl S. Wosmek, Esq., and Christy E. Lawrie, Esq., McGrann Shea Carnival Straughn & Lamb, Chtd., counsel for Plaintiffs.

Matthew J. Schaap, Esq., Robert B. Bauer, Esq., Dougherty, Molenda, Solfest, Hills & Bauer P.A., counsel for Respondents.

This matter is before the Court on Plaintiffs' Motion for an Order to Show Cause or Alternatively to Compel. (Doc. No. 133.) For the reasons set forth below, Plaintiffs' Motion is granted in part and denied in part.

## I.  BACKGROUND

The underlying case was filed on April 30, 2014. (Doc. No. 1.) On April 21, 2017, Judgment was entered in favor of Plaintiffs against R&S Heating and Air Conditioning, Inc. ("R&S"). (Doc. No. 87, 4/21/17 Order; Doc. No. 88, Judgment.) R&S failed to make any payments toward satisfaction of the judgment. (Doc. No. 110, 11/17/20 Order.) In an attempt to collect on the judgment, Plaintiffs served discovery on R&S, R&S's owner Brett Thielen, and third parties Philos Mechanical, LLC ("Philos") and Agape Mechanical, LLC ("Agape") – entities owned and controlled by Brett Thielen's brother, Scott Thielen. Plaintiffs also served written discovery requests on the law firm that represented Philos and Agape. (*Id.*) Discovery disputes arose, and United States District Court Judge Donovan W. Frank granted Plaintiffs' Motion to Compel on November 17, 2020. (*Id.*)

In connection with his November 17, 2020 Order, Judge Frank conducted an in-camera review of certain documents withheld and ruled on their privileged status. (*See* Doc. No. 121, 12/2/20 Text Order.) After that, Respondents filed a Motion for a Protective Order (Doc. No. 122), asking the Court to limit the scope of deposition topics relating to Respondents' customers, employees, and service contracts. In addition, Respondents asked to be allowed to designate employee, customer, and business information as Confidential or Attorneys Eyes Only. (Doc. No. 124, Respondents' Mem. of Law in Supp. 15–16.) Judge Frank denied Respondents' motion on March 3, 2021. (Doc. No. 132, 3/3/21 Order.) Judge Frank's Order, however, stated that "the Court"

2

would "make itself available during Respondents' depositions to address and rule on any objections." (*Id*. at 4.)

The parties worked to set new dates for depositions.[1] On March 15, 2021, Judge Frank's chambers provided counsel with several open dates when Judge Frank would be available: April 19, 20, 26, 28, and 29. (Doc. No. 140, Decl. of Matthew J. Schaap ("Schaap Decl."), Ex. E-1 at 2.) New subpoenas were served on March 17, 2021, setting an April 20, 2021 deposition date for Agape, and an April 28, 2021 deposition date for Philos. Inexplicably, no one followed up with chambers to confirm the dates that counsel had set. On April 20, 2021, at 12:35 p.m., Respondents' counsel wrote chambers: "We are scheduled for the first deposition this afternoon. What is the best way to reach out to Judge Frank today if there are objections we would like him to rule on this afternoon?" (*Id*. at 1.) Chambers immediately responded: "I don't see that the Court was provided with the deposition schedule. Judge Frank's calendar has changed from my March 15th email and he is [in] Court this afternoon. The expectation is that the Court would be provided with the schedule in advance." (*Id*.) Instead of rescheduling, counsel went forward with the deposition of Agape. Disputes arose, leading to Plaintiffs' Motion for an Order to Show Cause or to Alternatively to Compel (Doc. No. 133), which is presently before the Court.

## II.   ANALYSIS

On July 1, 2021, Plaintiffs' filed a Motion for an Order to Show Cause or

---

[1]   Several subpoenas were served and are referenced in the parties' motion papers.

3

Alternatively to Compel. (Doc. No. 133.) A hearing was held on the motion on September 3, 2021. (Doc. No. 145.) At the hearing, Plaintiffs confirmed that their motion should be considered a Motion to Compel discovery. Specifically, Plaintiffs request an order overruling Respondents' objections and requiring Agape and Philos to provide complete and adequate responses and answers to Plaintiffs' subpoenas duces tecum and for testimony.

### A.     Plaintiffs' Motion to Compel Rule 30(b)(6) Depositions

The Court first addresses the Rule 30(b)(6) depositions of third-parties Agape and Philos. In his November 17, 2020 Order, Judge Frank ruled that questions about company assets, business plans, formation, employees, or customers were "topics well within the ambit of Plaintiffs' discovery requests and permissible topics of exploration." (Doc. No. 110, 11/17/20 Order 15.) However, in his ruling, Judge Frank did not address whether the deposition topics, as drafted, were sufficiently particularized to satisfy Rule 30(b)(6). Instead, in his later Order, Judge Frank offered to resolve objections as they came up at the deposition. (Doc. No. 132, 3/3/21 Order 4.) As discussed at the hearing on September 3, 2021, the parties missed the opportunity for Judge Frank to rule during the depositions as to whether a particular question was within the scope of permitted discovery. In this Court's view, the best course for completing the third-party deposition discovery now is to rule in advance of the deposition on whether the topics are sufficiently particularized and to provide a firm schedule for next steps.

Accordingly, based on the file, records, submissions, and argument of counsel, the Court grants in part and denies in part Plaintiffs' motion (Doc. No. 133) with respect to

Rule 30(b)(6) depositions as follows:

    1.    Topics 1, 2, 5, 6, 7, and 8 for Agape[2] and topics 1, 2, 5, 6, 7, and 8 for Philos[3] are sufficiently particularized. The third parties must, therefore, prepare their

---

[2] Exhibit 1 to the subpoena served on Agape Mechanical sets forth the topics for testimony as follows (the Court has numbered these for clarity):

1. The relationship between Agape Mechanical and R&S Heating and Air Conditioning, Inc. from January 2015 through the present.

2. The relationship between Philos Mechanical, LLC and Agape Mechanical from January 2015 through the present.

3. Agape Mechanical's employees from January 2015 through the present.

4. Agape Mechanical's customers from January 2015 through the present.

5. Agape Mechanical's outstanding judgments related to R&S Heating and Air Conditioning, Inc.

6. The transfer of any funds between R&S Heating and Air Conditioning, Inc., and Agape Mechanical from January 2015 through the present.

7. The exchange of funds between R&S Heating and Air Conditioning, Inc., Philos Mechanical, LLC and Agape Mechanical from January 2015 through the present.

8. Agape Mechanical's relationship with Brett Thielen from January 2015 through the present.

(Doc. No. 136, Decl. of Christy E. Lawrie ("Lawrie Decl."), Ex. A.)

[3] Exhibit 1 to the subpoena served on Philos Mechanical, LLC sets forth the topics for testimony as follows (the Court has numbered these for clarity):

1. The relationship between Philos Mechanical, LLC and R&S Heating and Air Conditioning, Inc. since April 2016.

(Footnote Continued on Next Page)

designees to testify on these topics.

    2.    Plaintiffs must serve amended topics 3 and 4 for Agate and topics 3 and 4 for Philos that are more particularized no later than **October 15, 2021**.

    3.    Counsel must promptly confer in good faith, consistent with amended Rule 30(b)(6), to confirm or further refine the revised topics 3 and 4. Counsel must not only review the Rule, but also the 2020 Amendment Comments.

    4.    If agreement is reached, a joint status report must be filed no later than **October 29, 2021**. The joint status report must include a complete list of all particularized deposition topics that will be covered. The deposition must be scheduled to take place after the completion of all document discovery as ordered below.

---

    2.    The assets of Philos Mechanical, LLC during the period of January 2016 through December 2016, including, but not limited to, information related to the sale, transfer, lease, or rental from R&S Heating and Air Conditioning, Inc.

    3.    Philos Mechanical, LLC's employee from April 2016 through the present.

    4.    Philos Mechanical, LLC's customers from April 2016 through the present.

    5.    The transfer of any funds between R&S Hearing and Air Conditioning, Inc. and Philos Mechanical, LLC from April 2016 through the present.

    6.    The exchange of funds between R&S Hearing and Air Conditioning, Inc., Philos Mechanical, LLC and Agape Mechanical since April 2016.

    7.    Philos Mechanical, LLC's relationship with Brett Thielen between April 2016 and the present.

    8.    The relationship between Philos Mechanical, LLC and Agape Mechanical between April 2016 and the present.

(Lawrie Decl., Ex. B.)

5.      If the parties do not reach complete agreement on the deposition topics, the parties must simultaneously file letter briefs on **November 1, 2021,** presenting their positions regarding the proposed list of topics. Any letter response to the letter briefs must be filed no later than **November 3, 2021.** The Court will determine if a hearing is necessary. The parties may not move forward with the deposition without the Court deciding any unresolved dispute on topics. If the Plaintiffs and Respondents later resolve all issues before the Court resolves the disputes, they must file a joint status report with the agreed upon list of the agreed upon particularized topics within 24 hours after they reach agreement.

6.      Plaintiffs will have 6 hours for each third-party deposition. The parties must meet and confer to discuss a timetable for depositions to take place in November 2021.

### B.    Plaintiffs' Motion to Compel the Production of Documents

The Court next addresses Plaintiffs' motion to compel documents from Respondents. After the hearing, the Court further reviewed the requests, the objections, and the history of litigation about this third-party discovery. Based on the file, records, submissions, and argument of counsel, the Court grants in part and denies in part Plaintiffs' motion (Doc. No. 133) with respect to the production of documents as follows.

| For Agape | For Philos |
|---|---|
| The request for "All documents executed by Brett Thielen since January 2015" is overly broad; however, Plaintiffs may serve one more **narrowly tailored** document request by **October 15, 2021**. Any response is due 14 days after the request is served. | The request for "All documents executed by Brett Thielen after January 1, 2016" is overly broad; however, Plaintiffs may serve one more **narrowly tailored** document request by **October 15, 2021**. Any response is due 14 days after the request is served. |
| The request for "All documents relating to the employment of Brett Thielen" is within the scope of discovery and Respondents must produce all responsive documents by **October 29, 2021**. | The request for "All documents related to the employment of Brett Thielen" is within the scope of discovery and Respondent must produce all responsive documents by **October 29, 2021**. |
| The request for "All documents related to the employment of any former R&S Heating and Air Conditioning, Inc. employee" is overly broad; however, | INTENTIONALLY LEFT BLANK |

7

| | |
|---|---|
| Plaintiffs may serve two additional document requests to Agape that are more **narrowly tailored** relating to Agape employees (former or current) who may have once been employed by R&S Heating and Air Conditioning. These two document requests must be served by **October 15, 2021.** | |
| The request for "All documents relating to customers and business accounts obtained by Agape Mechanical after January 1, 2015" is overly broad; however, **Agape must produce documents sufficient to identify the customers, clients or business accounts obtained by Agape after January 1, 2015.** <br><br>These documents must be produced no later than **October 22, 2021**. Plaintiffs must review Respondents' document production within **7 days**. **Plaintiffs may then serve one additional document request seeking the production of specific customer/client files, naming the customer/client of interest.** Any additional request to each Respondent must be made no later than **14 days** after Plaintiffs receive Respondents' production. | The request for "All documents related to customers and business accounts obtained by Philos Mechanical, LLC after January 1, 2016" is overly broad; however, **Philos must produce documents sufficient to identify the customers, clients, or business accounts obtained by Philos after January 1, 2016.** <br><br>These documents must be produced no later than **October 22, 2021**. Plaintiffs must review Respondents' document production within **7 days**. **Plaintiffs may then serve one additional document request seeking the production of specific customer/client files, naming the customer/client of interest.** Any additional request to each Respondent must be made no later than **14 days** after Plaintiffs receive Respondents' production. |
| The request for "All payments made to R&S Heating and Air Conditioning, Inc. between 2014 and 2016"; <br><br>"All documents, correspondence, and contracts, between Agape Mechanical and R&S Heating and Air Conditioning, Inc. since January 2015"; and <br><br>"All documents and correspondence between Philos Mechanical and Agape Mechanical since January 2015" are | The request for "All documents and correspondence related to the Asset Purchase Agreement dated May 22, 2016"; and <br><br>"All payments made to Brett Thielen after January 1, 2016" is within the scope of discovery and must be produced by **October 29, 2021**. |

8

| | |
|---|---|
| within the scope of discovery and Respondents must produce all responsive documents by **October 29, 2021**. | |

In addition:

1. Unless otherwise ordered, all documents ordered to be produced in response to requests that are deemed by this Order to be within the scope of discovery must be produced by **October 29, 2021**.

2. Any response to a new document request permitted by this Order must be served no later than **14 days** after the request is served.

3. All document discovery must be completed by **November 5, 2021**. Any unresolved disputes about document discovery must brought to the Court's via motion pursuant to Local Rule 7.1 no later than **November 12, 2021**.

**C.    Other**

The Court will not revisit Respondents' motion for a Protective Order, which was presented to Judge Frank and ruled upon, seeking to limit testimony or designate testimony as outside counsel's eyes only. Instead, the Court will separately issue a Protective Order to govern the exchange of discovery using the template posted on the Court website. The Court finds that the template order will adequately address concerns regarding confidentiality of the discovery sought and includes a procedure for resolving disputes about confidential designations. The Court's form is found at https://www.mnd.uscourts.gov/forms/stipulation-protective-order.

Finally, this Court will not take phone calls during the depositions and the parties are expected to fully meet and confer on the issues addressed in this Order so that the depositions go smoothly. If objections on the grounds of attorney-client privilege are

made, and a witness is instructed not to answer, counsel must lay proper foundation during the deposition to support any post-deposition motion practice on objections. Further, counsel are expected to meet and confer on any other disputes that arise relating to the remaining discovery and if unresolved, must promptly bring any disputes to the Court's attention pursuant to Local Rule 7.1.

**SO ORDERED.**

Date:   October 7, 2021  	*s/ Becky R. Thorson*
	BECKY R. THORSON
	United States Magistrate Judge